|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ALEXANDER FELIX RODRIGUEZ,<br><br>                    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | Civil No.:  16cv02362 JAH<br>Criminal No.: 15cr02499 JAH<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE UNDER 28 U.S.C. § 2255**<br>**[Doc. No. 27]** |

Pending before the Court is Alexander Felix Rodriguez's *pro se* motion to vacate and correct his sentence under 28 U.S.C. section 2255.  A section 2255 motion may be brought to vacate, set aside or correct a federal sentence on the following grounds: (1) the sentence "was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  Petitioner argues he is serving an illegal sentence because there is no difference between the residual clause ruled unconstitutionally vague in *Johnson v. United States*, 576 U.S. 591 (2015) and 18 U.S.C. section 16(b) which the Court used to enhance his sentence.  In opposition, Respondent argues the motion should be dismissed and denied because Petitioner waived his right to appeal or collaterally attack

1

his sentence, he procedurally defaulted any challenge to his conviction and *Johnson* has no application to his sentence.

On October 13, 2015, Petitioner pled guilty to one count of a previously excluded, deported or removed alien found in the United States in violation of Title 8 U.S.C. section 1326(a) and (b). *See* Doc. No. 17. As part of his plea, Petitioner waived his right to appeal or collaterally attack his conviction. Plea Agreement at 10 (Doc. No. 17). On January 11, 2016, this Court sentenced Petitioner to 46 months which was the low end of the guideline range of 46 to 57 months. Presentence Report at 17 (Doc. No. 21). Petitioner's guideline calculation included a 16-level offense level increase pursuant to USSG section 2L1.2(b)(1)(A)(vii) based upon a prior felony conviction for human trafficking. *Id*. at 6. In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act, which authorized a sentence enhancement based on a finding that a defendant's prior conviction "present[ed] a serious potential risk of physical injury to another," was unconstitutionally vague and could not be relied upon to enhance a sentence. 135 S.Ct. 1557. Here, Petitioner did not receive a sentence enhancement based upon section 16(b) or statute or guideline provision containing language similar to that found unconstitutional in *Johnson*. Accordingly, he is not entitled relief based upon the Supreme Court's ruling in *Johnson*.

Petitioner fails to demonstrate his sentence violated the law or that the waiver of his right to collaterally attack his conviction should not bar his motion. *See United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that, by entering a plea agreement whereby defendant waived right to appeal his sentence, defendant relinquished his right to directly or collaterally attack his sentence on the ground of newly discovered exculpatory evidence). Therefore, the motion is DENIED.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules following 28 U.S.C. section 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant" in Section 2255 cases such as this. A habeas petitioner may not appeal the denial of a Section 2255 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1025-26 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473 (2000)).

Based on this Court's review of the record, this Court finds no issues are debatable among jurists of reason and no issues could be resolved in a different manner. This Court further finds that no questions are adequate to deserve encouragement to proceed further. Therefore, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Petitioner's motion to vacate, set aside or correct his sentence is **DENIED**; and

2. Petitioner is **DENIED** a certificate of appealability.

DATED: September 13, 2021

_____
JOHN A. HOUSTON
United States District Judge